### 64600. THE STATE v. HARTON.

Birdsong, Judge.

Motion to Dismiss. The evidence in these unusual proceedings shows that on November 21, 1981, Harton (a minor) while driving under the influence of an alcoholic beverage (beer), on a road strange to him, missed observing a non-reflective stop sign, drove across a T-intersection and after skidding some 75 feet, crashed into an embankment, causing fatal head injuries to his girl friend of three years, a 16-year-old school mate. The investigating officer charged Harton with DUI and other offenses but did not consider the facts to warrant a charge of vehicular homicide. When that officer talked with the parents of the deceased girl, they requested that Harton not be charged with homicide because he had been a friend of the family for three years. Later the parents sought to have the police officer obtain the issuance of an arrest warrant charging Harton with vehicular homicide. The officer declined to do so and upon discussing the matter with the district attorney confirmed his decision not to charge Harton with the felony homicide. The parents then swore out such a warrant personally. The district attorney declined to seek an indictment in the February term of 1982 and there is an indication in the record that he determined that in the absence of different evidence, no action beyond traffic violations would be taken or charged.

Counsel for Harton then moved to dismiss the arrest warrant for lack of prosecution. At a hearing conducted on that motion, the motion was resisted by an attorney (Mr. Reynolds) who had been retained by the parents to represent them in a $500,000 civil lawsuit directed against Harton and his parents (as owners of the car). The facts developed at this hearing established the above described procedural posture of the case. Mr. Reynolds claimed the right to act as a special prosecutor on behalf of both the parents and the state. The trial court concluded that the state had declined to pursue the arrest for the crime of vehicular homicide. The state was not represented (except as to the status claimed by Reynolds) and apparently the state claimed no desire to proceed criminally against

Harton except as to the charged misdemeanor traffic offenses. In view of the lack of prosecution, the trial court granted Harton's motion to dismiss the arrest warrant. The deceased girl's parents through their attorney have pursued this appeal in the name of the sovereign State of Georgia, asserting error in the dismissal of the arrest warrant. *Held:*

In the early case of *Jackson v. State,* 156 Ga. 842, 850 (120 SE 535) it was held: "Under the law the whole proceeding, from the time the case is laid before the solicitor-general until the rendition of the verdict, is under the direction, supervision, and control of that officer, subject to such restriction as the law imposes. Counsel employed to assist in the prosecution of criminal cases can perform no duties as such except those agreeable to and under the direction of the solicitor-general." See also: *Brown v. State,* 242 Ga. 536 (1) (250 SE2d 438); *Woods v. State,* 240 Ga. 265, 270 (5) (239 SE2d 786).

In this case the state has not sought to arrest or charge Harton with vehicular homicide, apparently no indictment has been obtained, the state did not appear through the prosecutorial authority of the state at the hearing to dismiss the warrant and the district attorney has made no appearance in this appeal. Mr. Reynolds therefore appears never to have been under the control or guidance of the district attorney and there has been no showing that the district attorney has been unable to act in this case. Mr. Reynolds has been employed not to assist the state's attorney, but to act in that officer's absence. As was said in the *Jackson* case, supra, Mr. Reynolds can perform no prosecutorial duties except those which are agreeable to and under the direction of the district attorney. There being a total lack of any evidence of agreement or control, Mr. Reynolds' actions at the motion to dismiss were wholly ultra vires, as is the appeal taken in the name of the state. There being no representation by the state and every indication of the trial court that state action would not be pursued on a charge of vehicular homicide, the trial court did not err in dismissing the arrest warrant. Finally, there being no proper party to bring the appeal in the name and by authority of the state, there is nothing for this court to review.

*Appeal dismissed. McMurray, P. J., and Banke, J., concur.*

DECIDED OCTOBER 7, 1982.

*Mack Reynolds,* for appellant.
*Jerry Willis, D. Roy McKenzie, Jr.,* for appellee.